H. G. FISHER, Appellant, v. THE CARROLL COUNTY FAIR AND DRIVING PARK ASSOCIATION, *et al.*

SPECIFIC PERFORMANCE. In ejectment, defendant asked specific performance of a contract for the exchange of land owned by defendant for the land in dispute, of which defendant has possession when plaintiff purchased it. The contract did not fix any time for exchanging deeds, but the same year it was made, and four years before suit was brought, plaintiff asked for a deed. Defendant did not then or at any time refuse to carry out the contract, but only stated reasons for delay; those given being that it was unable to execute the deed, owing to a mortgage on the land. Plaintiff made no tender of a deed, nothing had been lost by delay, and the parties were in the same situation as when the contract was made. Defendant tendered performance. *Held*, that plaintiff should be required to perform the contract.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

WEDNESDAY, OCTOBER 27, 1897.

THE defendant association acquired in 1887 the south half, north half, southwest quarter of section 30, township 84, range 34. It erected its hall and amphitheater along the south side of the north half, north half, of the same quarter, then owned by O. A. Kentner. On April 1, 1889, Kentner sold this land to the plaintiff, the contract

providing that "for above consideration the said H. G. Fisher agrees to transfer to the Carroll Driving Park Association a strip of land now occupied by them, being a part of the above described land, and received from the Carroll Driving Park Association in exchange, and free from incumbrance, a like amount of land off the east end of the south half of the north half of the southwest quarter of section 30, township 84, range 34, Carroll county, Iowa." The defendant retained possession of the strip of land referred to, though deeds were not exchanged; and in August, 1893, petition in ejectment was filed. The defendants answer by demanding specific performance of the contract. Issue was joined, and the cause tried as an equitable action. Decree was entered for defendants, and plaintiff appeals.— *Affirmed.*

*M. W. Beach* for appellant.

*F. M. Powers* and *Geo. W. Paine* for appellees.

Ladd, J.—The defendant is owner of the south half, north half, southwest quarter, of section 30, township 84, range 34, and the plaintiff the owner of the north half of the north half of the same quarter. The defendant had constructed its hall and amphitheater on a portion of the north half, and was in possession of between three and four acres thereof, when the plaintiff purchased it, in 1889, of Kentner, a part of the consideration being that he would convey the land so occupied to the defendant in exchange for a deed to a like parcel at the east end of the south half by the defendant. Some time during that year the plaintiff asked Hinrichs, then secretary of defendant, to execute a deed; but this the association was unable to do, owing to a mortgage on its land. The plaintiff insists that he then declared the "trade off," but this is denied by Hinrichs and others. The circumstances and the subsequent course of the plaintiff clearly indicate that he did not consider his obligation under the contract terminated, or the information derived from Hinrichs a refusal to carry out its terms. The defendant continued in possession of the strip of land without objection until 1893, and the plaintiff was in possession of six or eight acres at the east end of the south half, but whether under the contract or an oral lease is in dispute. As the rental value appears to have been two dollars and fifty cents to five dollars per acre, it would seem that, in paying only six dollars for the use of six or eight acres, that referred to in the contract must have been excluded. This conclusion is strengthened by the fact that defendant's possession was without objection. There is some

dispute about the way the land should be surveyed. The fence along the north side of that occupied by the defendant was crooked. It was blown down in 1893, and another constructed after a careful survey. The plaintiff had suggested that this line be straightened, and that the part that defendant received extend back to that it was to convey, so as to leave but one corner; and in pursuance of this suggestion or understanding the east end of the new fence was placed at substantially the same point occupied by the east end of the old fence, and it was then run due west, reaching the west line several feet north of that end of the old fence. This included some land lying north of that formerly occupied by the defendant, owing to a jog to the south in the old fence. While the plaintiff had not suggested the manner of straightening the fence, the only feasible way was by beginning at one end of the old fence, and running it in a straight line parallel with the boundary line of the land, and this was done. After the work of straightening this line had begun, the plaintiff protested, and then instituted this suit. The contract fixes no date for the exchange of deeds. The defendant never refused to carry out the contract, but only stated reasons for delay. It was entitled to a reasonable time to clear its land of the mortgage and make the deed. The plaintiff made no tender. He was bound to perform his part of the contract before insisting on its forfeiture, and he was not excused from so doing because the defendant was not ready at the time referred to. The parties are in the same situation as when the contract was made, and the exchange can be as well made now as then. Nothing has been lost by the delay. The defendant has tendered performance upon its part, and the plaintiff will be required to convey the land as agreed. There is a controversy as to whether the plaintiff was to convey according to the line of the old fence or the new, and whether the strip ran back to that to be conveyed to him. Before this litigation, the evidence shows, his wish was that the line be straightened, and conveyances made in accordance with the surveys as made and the fences as constructed by the defendant. The adjustment according to the line of the new survey and the new fence is clearly to the interest of both parties, and the objections thereto are only captious. While on many of the questions the evidence is in sharp conflict, it warrants the conclusion reached by the district court, and its decree is AFFIRMED.